UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ZARAGOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 2:23-cv-1465-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 15, 18) |

Plaintiff Alberto Zaragoza seeks judicial review of a final decision by Defendant Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income.[1] In his summary judgment motion, Plaintiff contends the Administrative Law Judge ("ALJ") erred in assessing his symptom testimony. Plaintiff seeks a remand for benefits or for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the ALJ decision is AFFIRMED.

/ / /

/ / /

---

[1] This action was assigned the undersigned on the consent of all parties, pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 8, 9.)

1

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an ALJ; and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

**Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.

**Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.

**Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.

**Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.

**Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). Then, the claimant may

seek judicial review of the ALJ's decision by a federal district court. 42 U.S.C. § 405(g).

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On June 10, 2021, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income, alleging he had been disabled since July 1, 2017. (Administrative Transcript ("AT") 294-311, available at ECF No. 11.) Plaintiff claimed disability due to arthritis; lower back pain; diabetes; back injury; incarnated discs; arthritis in knees; depression; spinal pain; hip pain; and shoulder pain. (*See* AT 98.) Plaintiff's applications were denied initially and upon reconsideration; he then sought review before an ALJ. (AT 132-33, 171-72, 192-93.) Plaintiff appeared alongside counsel at an October 7, 2022 hearing before an ALJ, where he testified about his impairments and where a vocational expert testified about hypothetical available jobs. (AT 29-54.)

On November 2, 2022, the ALJ issued a decision finding Plaintiff was not disabled. (AT 10-23.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2017. (AT 13.) At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the bilateral shoulder; degenerative joint disease of the bilateral knees; and obesity. (*Id.*) At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any Listing. (AT 15-16.)

The ALJ then found Plaintiff had the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b) and 416.967(b)), except that Plaintiff could:

> occasionally climb ladders, ropes, or scaffolds, climb ramps or stairs, stoop, kneel, crouch, crawl, or engage in balance on uneven surfaces; occasionally reach overhead with the bilateral upper extremities; and occasionally expose to hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles, and exposure to unprotected heights.

(AT 16-17.) In formulating this residual functional capacity, the ALJ stated he considered Plaintiff's symptom testimony, the objective medical evidence and other evidence, and the medical opinions and prior administrative medical findings. (AT 17.) Relevant here, the ALJ summarized Plaintiff's symptom testimony as follows:

3

> [Plaintiff] alleged disability due to difficulties involving arthritis and disc degeneration with low back, hip, shoulder, knee, and spinal pain. [He] listed issues with an inability to walk, bend, stand, squat, and lift; according to [Plaintiff], he is able to walk a quarter of a mile before needing to rest for five minutes. [He] testified to an inability to work due to back pain with weakness causing an inability to walk or stand for long periods. While he acknowledged about 40% improvement in his symptoms with use of a spinal cord stimulator, he reported an inability to lift more than five or six pounds or walk further than the corner of his block. He reported limited activities of daily living due to his symptoms as well as limited improvement with receipt of other pain management treatments. He also reported persistent pain in his right knee and shoulder.

(AT 17 (*citing* Plaintiff's disability reports (AT 322-29, 343-53) and Plaintiff's hearing testimony (AT 29-54).) The ALJ found that while these symptom statements were generally consistent with Plaintiff's impairments, they were not consistent with disabling symptoms and "suggest that his symptoms are not as severe as he alleged." (*Id.*) For support, the ALJ summarized and cited Plaintiff's medical records from 2020-2022. (AT 17-18.) The ALJ also noted times where Plaintiff told his medical providers that his pain improved 80-95% due to his "receipt of injection, stimulator, and medication therapies." (AT 21.) Additionally, the ALJ found the two opinions in the prior administrative medical findings, which aligned with Plaintiff's residual functional capacity, to be persuasive. (AT 19-20.)

Based on the residual functional capacity, the ALJ determined at step four that Plaintiff was incapable of performing past relevant work. (AT 21.) However, at step five, the ALJ found Plaintiff capable of performing other jobs in the national economy, including: (i) Marker (67,000 jobs in the national economy); (ii) Garment Sorter (54,000 jobs in the national economy); and (iii) Assembler II (45,000 jobs in the national economy). (AT 22-23.) Thus, the ALJ found Plaintiff not disabled during the relevant period. (AT 23.)

On May 26, 2023, the Appeals Council rejected Plaintiff's appeal. (AT 1-6.) Plaintiff then filed this action seeking judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 15, 18.)

### III. ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's' symptom statements. Plaintiff argues the ALJ's mere summary of the medical evidence, which omitted reference to times when Plaintiff reported more-severe symptoms, was insufficient to meet the Ninth Circuit's "specific, clear and convincing" standards. Plaintiff seeks a remand for benefits or for further proceedings. (ECF No. 15.)

The Commissioner contends the ALJ reasonably discounted Plaintiff's subjective statements. The Commissioner argues the ALJ's citation to objective medical evidence, coupled with evidence of Plaintiff's reports that his symptoms were relieved with medical treatment, was sufficient. Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. (ECF No. 18.)

### IV. DISCUSSION

#### A. Legal Standards

The Commissioner's final decision is subject to judicial review by a district court. 42 U.S.C. § 405(g). The court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ, in considering the evidence in the record, cannot "cherry pick" evidence to construct a result. *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance on certain evidence in the record while ignoring many other records supporting the plaintiff's claim). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in

the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.* Generally speaking, the ALJ does not need to discuss every piece of evidence when interpreting the evidence and developing the record. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

### 1. Subjective Symptom Testimony

A claimant's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R §§ 404.1529(a) and 416.929. If an ALJ was required to believe every allegation of pain or impairment, disability benefits would run afoul of the Social Security Act and its purpose. *Treichler v. Comm'r*, 775 F.3d 1090, 1106 (9th Cir. 2014). In evaluating the extent to which an ALJ must credit a claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quotations omitted). The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be sufficiently specific to allow a reviewing court to conclude the adjudicator did not arbitrarily discredit a claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 483 (9th Cir. 2015) (quotations omitted). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include relief of symptoms through medical treatment, and whether the alleged symptoms are

6

consistent with the medical evidence of record. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R § 404.1529(c)(2)).

### B.     Analysis

Here, the Court finds the ALJ provided specific, clear and convincing reasons for discounting the more severe aspects of Plaintiff's symptom statements concerning Plaintiff's pain in his back, spine, hips, legs, knees, and shoulder. *See Revels*, 874 F.3d at 655.

The first reason the ALJ provided for doing so was because the objective medical evidence in the record was not consistent with Plaintiff's "reports of disabling symptoms and suggest that his symptoms are not as severe as he alleged." (AT 17.) For support, the ALJ reviewed Plaintiff's interactions with his medical providers between January 2020 and July 2022. (*Id.*) This included evidence supporting Plaintiff's averments, that he required pain management despite past surgery for his back (AT 657); presented with lumbar facet loading (AT 658); had imaging revealing degenerative changes and spurring in his spine (*see* AT 452); first required steroid injections and ablation treatment (*see* AT 430 and 769); was then recommended for and implanted with a spinal cord stimulator (*see* AT 420, 452); and experienced some lumbar pain that radiated to his legs at points throughout 2021 and 2022 (*see* AT 946 (July 2021), 899 (December 2021), 1042 (February 2022), 1008 (June 2022)). This also included evidence that Plaintiff had right knee tenderness and positive medical McMurray's testing in late 2020, and that in March and June of 2021, Plaintiff's imaging showed "mild tricompartmental degenerative changes and tendinopathy." (AT 18, *citing* AT 454-55, 697, 834). This also included evidence that Plaintiff's right shoulder showed mild-to-moderate degenerative changes in 2021. (*See* AT 592, 901, 931). However, the ALJ noted just as many records

reflecting normal range of motion, gait, balance, and extremity strength (*see* AT 423, 432, 660, 1067), as well as positive reports of no pain after the stimulator was implanted (*see* AT 776, 779, 989). The ALJ also noted ongoing treatment in line with Plaintiff's mild-to-moderate changes in his shoulder condition. (AT 1136-37.) The ALJ was tasked with resolving this conflicting evidence, and the undersigned is not permitted to reweigh the evidence. *Ford*, 950 F.3d at 1154.

The second reason the ALJ provided focuses on the fact that Plaintiff found relief of his symptoms through medical treatment. *Wellington*, 878 F.3d at 876. The decision notes many times where Plaintiff reported "significant symptom improvement" after the stimulator was installed. (*See* AT 901 (December 2021, reporting 80% improvement in symptoms), 1107 (February 2022, reporting 85% improvement in pain for over two months), 1067 (March 2022, reporting "90% pain relief").) The ALJ concluded Plaintiff "has presented with improved and intact strength and gait during the relevant period" and "[h]is providers have also documented reports of improved symptoms with receipt of injection, stimulator, and medication therapies." (AT 21.) Regarding Plaintiff's shoulder pain, the ALJ noted Plaintiff's report of "great improvement" in his symptoms after a November 2021 injection (AT 901, 1051). The ALJ's findings and conclusions on this point are supported by substantial evidence. *See McIntyre v. Saul*, 848 Fed. Appx. 699, 702 (9th Cir. 2021) (finding ALJ provided clear and convincing reasons for discounting subjective symptom testimony where the plaintiff had acknowledged to her physicians improved with medication and therapy when she was compliant) (citing *Wellington*, 878 F.3d at 876); *Fletcher-Silvas v. Saul*, 791 Fed. Appx. 647, 649 (9th Cir. 2019) (same, where the ALJ noted plaintiff's symptom testimony conflicted with self-reports of improvements to treatment providers and with the objective indicia of improvement in her medical records).

Plaintiff argues the ALJ's mere summary of the evidence, without explicitly linking his citations to his conclusions, is insufficient to meet the Ninth Circuit's "clear and convincing" standard. The Court disagrees, as it is clear the ALJ is using the cited

evidence to support his conclusions on Plaintiff's symptom statements. The Ninth Circuit has counseled that courts should not reverse if "the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

Plaintiff also contends the ALJ's decision only takes into account "snapshots" of the treatment record, ignoring more favorable evidence. *See Holohan*, 246 F.3d at 1207 (reminding that the ALJ cannot selectively rely on certain evidence in the record while ignoring many other records supporting the plaintiff's claim). However, a review of the ALJ's decision demonstrates this is not a case of "cherry picking," but one where the ALJ considered and cited to evidence supporting Plaintiff's claim and weighed it against conflicting evidence. *See Ford*, 950 F.3d at 1154; *Howard*, 341 F.3d at 1012 (reminding that an ALJ need not discuss every piece of evidence when interpreting the evidence and developing the record).

## V.   CONCLUSION

Having resolved all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence"). Therefore, Plaintiff's motion is denied, the Commissioner's cross-motion is granted, and the final decision of the ALJ decision is affirmed.

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 15) is DENIED;
2. The Commissioner's cross-motion (ECF No. 18) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of the Court is directed to CLOSE this case.

Dated: July 30, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, zara.1465